Nash, C. J.
 

 The question arises under the will of Joseph Bason, deceased. The clause of the will is as follows: “ I give and bequeath and demise unto my son Jeremiah Bason, his heirs and assigns, a mare and colt, &c., property bought by me as belonging to Martin Whitsett, placed by me in the possession of my daughter, Margaret, &c.; also, the tract of land bought by me from said Whitsett, whereon he resides, to have and to hold said property, both real and personal, to the only proper use and behoof of my said daughter Margaret, and at her death, equally divided among her children.” The land thus devised was sold under an execution against Whit-sett and purchased by the defendant. Do the words, “to the only proper use and behoof of my said daughter Margaret, &c.” deprive her husband, Martin Whitsett, of his marital right ? We think that of themselves they do not. That a separate estate both in real and personal property may be so conveyed, by either a deed or will, to a female, as to secure it from the control of her husband, and put it beyond the reach of his creditors, cannot be denied; but such disposition is not favored by the law, and the words used in a
 
 will
 
 or deed, to have such effect, must be “ unequivocal and expressed in unambiguous terms.” No words of art are, however, necessary: it will be sufficient, if, as above stated, the intention of the donor is expressed in terms sufficiently plain. The word “ separate ” is'the appropriate word, but any others will do which express the whole legal idea belonging to the first. See Levin on Trusts, page 150.
 

 
 *325
 
 This subject has several times been before this court. The case of
 
 Rudisell
 
 v.
 
 Watson,
 
 2 Dev. Eq. 430, was a devise; the words were,
 
 “
 
 all to be for her and her heirs’ proper usethe Court decided they were not sufficient to deprive the husband of his marital rights. In
 
 Ashcraft
 
 v.
 
 Little and
 
 others, 4 Ire. Eq. 236, which arose under a deed, the words were, “ but the said gift to extend to no other personit was decided they did not amount to a separate estate in the daughter, the donee. In Rudisell’s case the doctrine is gone into largely, and the English authorities examined; among them,
 
 Willis
 
 v. Sayres, 4 Mad. 409, and
 
 Roberts
 
 v.
 
 Spicer,
 
 5 Mad. 491; this Court says “ it was held that upon the force of the particular words “her use” or “her own” use, &c., no separate use could be implied; for her own use and her proper use meant the same thing, &c. I think no person can find a difference between her
 
 own.
 
 and her
 
 ¡proper
 
 use.” In our case the words are, “
 
 to the only proper use and behoof
 
 &c.” In Ashcraft’s case, tho, strong words “ to extend to no other person,” were not sufficient. Between the words “ to her
 
 own proper
 
 use ” and the words “ her proper use,” there is no difference, they mean the same thing, and we have seen that the latter are not sufficient to convey a separate use to tho female.
 

 But this case differs from those cited iu this, that here the legal title was in a trustee by the terms of the will. What would have been the decision of this Court, if, at the time of the making of the will, the devisee, Margaret, had been shown to be the -wife of Whitsett, we do not consider. We have looked carefully through the will to find if the fact were so, and the case sent here is silent on that point. The only indication upon that subject is contained in the opinion of the court below, in which it is stated “Arthur Whitsett, who is the husband of Margaret, &c.” It does not say he was, at the time the will was made, and we cannot, as was said by the Court in Rudisell’s case, be governed by a meaning so. defectively expressed.
 

 As this fact did not appear, so far as the record shows, his
 
 *326
 
 Honor erred in bolding that Wliitsett bad no sucb interest as was tbe subject of an execution.
 

 Judgment is reversed for the error pointed out, and a
 
 venire de novo
 
 is awarded.
 

 Per Curiam.